UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY CALVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:09-CV-103 SNLJ |
| | ) |
| NORANDA ALUMINUM, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Larry Calvert filed this action against his former employer, Noranda Aluminum Inc., and his labor union, United Steel, Paper and Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union ("United Steel Workers" or "United"), after being denied permission to apply for certain benefits under his Noranda pension plan. This matter is before the Court on the parties' three motions for summary judgment: Plaintiff's Motion for Partial Summary Judgment against Noranda Aluminum (#29), Defendant United Steel Workers' Motion for Summary Judgment (#45), and Defendant Noranda Aluminum's Motion for Summary Judgment (#48).

## I. Case Summary

The following facts are undisputed. Plaintiff worked for Noranda Aluminum for more than 20 years. At some point, plaintiff was injured on the job and rendered unable to work. After being unable to work for 32 months and receiving disability benefits during that time, plaintiff was "administratively severed" on March 13, 2006, pursuant to Noranda's administrative severance policy. Plaintiff attempted to apply for non-vested "Rule of 65" disability benefits, but

Noranda declined to allow plaintiff to apply for those benefits because, Noranda said, plaintiff was not eligible to apply for those non-vested disability benefits as a non-employee. Plaintiff requested that the union, United Steel Workers, file a grievance on his behalf. The grievance was not successful at the local level and was subsequently appealed and investigated, but United ultimately determined that the grievance lacked merit and would not prevail in arbitration.

After United declined to proceed with his grievance, plaintiff filed this action in the Circuit Court of Stoddard County, Missouri. Plaintiff claims defendant Noranda breached its contract with plaintiff by not allowing plaintiff to apply for Rule of 65 benefits, and plaintiff claims defendant United Steel Workers breached its duty of fair representation when it abandoned plaintiff's grievance. Although not cited to in plaintiff's complaint, this action is considered a "hybrid" suit under Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. §185. Defendants removed the action to this Court, alleging federal question jurisdiction, 28 U.S.C. §1441(a-b), and citing (1) 29 U.S.C. §185, which provides that a suit for violation of a collective bargaining agreement may be brought against a labor organization "in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties," and (2) 28 U.S.C. §1337, which encompasses claims for breach of the duty of fair representation. *See, e.g.*, *Richardson v. United Steelworkers of America*, 864 F.2d 1162 (5th Cir.), rehearing denied, 869 F.2d 1487, cert. denied, 495 U.S. 946 (1989).

## II.     Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as

not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Pursuant to Federal Rule Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

**III. Discussion**

Plaintiff requests summary judgment on his breach of contract claim against Noranda. Defendants request that the Court enter summary judgment in their favor on each of plaintiff's claims. Each claim will be discussed in turn below.

### A. Breach of Contract Claim Against Noranda Aluminum

Plaintiff's complaint states that Noranda's pension plan provides that he was entitled to apply for disability-related retirement benefits — the Rule of 65 — and that plaintiff is qualified to receive those benefits due to his disability. The pension plan states that to "provide additional protection for long-service employees who become disabled or laid off, the plan provides a special rule of 65 benefit." The benefit is available to "eligible employees" prior to normal retirement age if they have completed at least 20 years of service, have been absent from work for two years (or if Noranda determines return to work is unlikely in that time period) due to permanent and total disability or layoff, and the individual's age plus years of service exceeds 65.

Although plaintiff was eligible for certain vested early retirement benefits at the time of his administrative severance, plaintiff alleges that those benefits are not as lucrative as the Rule of 65 benefits would be. However, because plaintiff attempted to apply for Rule of 65 benefits after he was no longer an "active employee," Noranda declined to allow him to apply. Plaintiff asserts that "active employee" is not defined anywhere in the pension plan and that the introduction to the plan states that the "benefits described in these summary plan descriptions apply to *eligible bargaining unit employees* who are employed by Noranda."

Plaintiff first argues that because the plan states that the benefits are available for "eligible employees" (in the Rule of 65 section) and "eligible bargaining unit employees" (in the introduction), and that no mention is made of "active" versus "inactive" employees, Noranda's position is irreconcilable. How, plaintiff asks, can Noranda allow him to apply for early retirement benefits as a non-employee on the one hand , but then not allow him to apply for the Rule of 65 disability benefit as a non-employee on the other hand where — by the terms of the

plan — both benefits are available to "eligible employees?"

Noranda's response is that plaintiff was entitled to his early retirement (pension) benefits — but not Rule of 65 disability benefits — even as a former employee because his rights to his pension benefits had vested. Plaintiff's pension benefit was earned and accrued by plaintiff throughout the years he worked for Noranda. In contrast, Rule of 65 benefits are non-vested benefits that are similar to health insurance or sick leave benefits and are available only to Noranda employees who satisfy certain requirements.

Nothing in the plan indicated that Rule of 65 benefits are vested or earned, and, in fact, plaintiff does not dispute that Rule of 65 benefits are non-vested. Further, Noranda has consistently allowed individuals to apply for Rule of 65 benefits only while active employees. Plaintiff attempts to undercut Noranda's argument by noting that another former employee, Michael Bennett, was allowed to apply for Rule of 65 benefits — but that was only after that employee was reinstated as an employee for the purpose of allowing him to apply for those benefits, pursuant to the terms of a settlement agreement. Rather than undercutting Noranda, however, the example of Michael Bennett further underscores Noranda's policy of allowing only current employees to apply for Rule of 65 benefits.

Additionally, Noranda and United officials testified that their past practice confirms that administratively severed former employees may not apply for Rule of 65 benefits. "It is well established that collective bargaining agreements may include implied as well as express terms. Past practices rise to the level of an implied agreement when they have 'ripened into an established and recognized custom between the parties.'" *Brotherhood Ry. Carmen of U.S and Canada, Div. of Trans. Comms. Union v. Missouri Pac. Railroad Co.*, 944 F.2d 1422 (8th Cir.

1991) (citation to Consolidated Rail Corp. v. Railway Labor Executives Ass'n, 491 U.S. 299, 109 S.Ct. 2477, 2485 (1989) omitted) (quoting *Alton & S. Lodge No. 306 v. Alton & S. Ry.*, 849 F.2d 1111, 1114 (8th Cir. 1988).[1]  As stated above, no one had been permitted to apply for Rule of 65 disability benefits unless he or she was a current employee.  In fact, in 2007, the union convinced Noranda to adopt a new policy that gives employees 30 days notice in advance of any administrative severance in order to give those employees time to apply for a Rule of 65 benefit.[2]

Second, plaintiff asserts that the past practice is not binding because the union filed and investigated his grievance.  However, the union's actions establish rather than diminish the past practice because United's actions were consistent with the understanding that only current employees are able to apply for the Rule of 65 benefit — the grievance processed by the union was not for the decision to decline the Rule of 65 application, but rather the decision to administratively sever plaintiff in the first place.  As with Mr. Bennett's situation, the union understood that the only way it could obtain plaintiff's desired remedy (the ability to apply for Rule of 65 benefits) was to have him reinstated as an employee.  Thus, the union's grievance procedures were entirely in keeping with past practices.

---

[1] Plaintiff overstates his argument that "the past practices implied consent does not apply to ERISA benefit plans," citing to an unpublished slip opinion, *Cole v. DaimlerChyrsler Corp.*, No. 4:5cv1374 ERW, slip op. at 10 (E.D. Mo. July 25, 2006).  However, as that court stated, all the Eighth Circuit has held is that an oral or otherwise unwritten agreement cannot modify the written terms of an ERISA-governed plan.  *See United Paperworkers Int'l Union v. Jefferson Smurfit Corp.*, 961 F.2d 1384, 1386 (8th Cir. 1992).  Further, although plaintiff has not asserted an ERISA violation, the Eighth Circuit has recently held that past practices are directly relevant to whether certain employees are entitled to benefits under an employer-sponsored health plan. *American Fed'n of State, County, and Mun. Employees, Local 2957 v. City of Benton*, 513 F.3d 874, 880 (8th Cir. 2008).

[2] Unfortunately, that new policy came too late to help the plaintiff here.

Third, plaintiff argues that he was effectively laid off, and that he should thus be able to apply for Rule of 65 benefits. Plaintiff's argument is unconvincing, however, because he was not laid off. He was administratively severed, which is a different employment action pursuant to Noranda's handbook: laid off employees retain employment rights and seniority status, but administratively severed employees do not. Thus, plaintiff's argument fails.

Finally, plaintiff asserts that past practice questions cannot be resolved on summary judgment. However, neither of the cases plaintiffs cites supports this proposition. Instead, it is axiomatic that summary judgment is appropriate where there is no genuine dispute over any material fact. Fed. R. Civ. P. 56(a); *McKenney v. Harrison*, 635 F.3d 354, 358 (8th Cir. 2011). Here, plaintiff has not presented any facts establishing that the Noranda is required to accept Rule of 65 Benefit applications from individuals who are not employed. Accordingly, summary judgment is appropriate. Because no genuine issue of disputed fact exists as to plaintiff's breach of contract claim, summary judgment will be granted for defendant Noranda.

**B.      Breach of Duty of Fair Representation**

Plaintiffs face an extremely high hurdle in pursuing claims that a union breached its duty of fair representation ("DFR"). "A union is granted broad latitude in dealing with its members and its performance is viewed in a highly deferential light. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991). A breach of the duty of fair representation occurs only when a union's conduct is 'arbitrary, discriminatory, or in bad faith.'" *Carter v. Ford Motor Co.*, 121 F.3d 1146, 1149 (8th Cir. 1997) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). "Mere negligence, poor judgment, or ineptitude" is not sufficient to establish a breach of a union's DRF. *Cross v. United Auto Workers, Local 1762*, 450 F.3d 844, 847 (8th Cir. 2006).

Here, defendant United filed plaintiff's grievance, reviewed the facts of plaintiff's case, studied plaintiff's medical records, communicated with Noranda officials regarding the grievance, analyzed the contract language, and represented plaintiff at a grievance arbitration meeting. The union stopped pursuing plaintiff's grievance only when it determined that it lacked merit and was unlikely to prevail at arbitration. Plaintiff has not shown that the union acted in bad faith in its processing of plaintiff's grievance. In fact, plaintiff's complaint points to United's "dropping" of his grievance as his only evidence of the union's breach. In his response memoranda, plaintiff also states that he would show at trial that the union's agent told him he would continue his grievance case at the meeting or else "take care of it" when the plaintiff told him he would be unavailable to attend the meeting, and plaintiff states that he was "deceived" by the union because he was told he did not have to appear at the meeting. Finally, plaintiff states that the fact that the union was able to help Mr. Bennett apply for Rule of 65 benefits but not plaintiff shows that United breached its duty to him.

But at plaintiff's deposition, plaintiff testified that he was not "trying to say that [the union representative] was, you know, not right in his own mind" for not continuing to pursue his grievance. Thus, plaintiff is hard-pressed to argue that the union acted in bad faith. Furthermore, plaintiff's affidavit — which he uses to support his allegation that he asked to postpone the meeting — is contradicted by his deposition testimony, in which he states that he did not speak with the union representative again for four years following their initial conversation. Further, in answering questions about his attendance at the meeting, plaintiff said nothing about requesting that the meeting be postponed or about any promises made to him about what would occur at the meeting. Regardless, plaintiff has not presented any evidence that even suggests the union failed

to represent him properly at the meeting or that he was prejudiced by not being there. Finally, that the union was able to assist Mr. Bennett in obtaining Rule of 65 benefits by obtaining his reinstatement for that purpose is entirely inapposite to plaintiff's case because his reinstatement was based on the circumstances of his earlier termination. Plaintiff does not contest the circumstances of his termination here. Again, nothing suggests that the union's conduct was arbitrary, discriminatory, or in bad faith, and summary judgment will be granted to United.

### C. Hybrid Breach of Contract/Duty of Fair Representation Actions

Finally, it is important to note that, in a "hybrid" breach of contract/DFR action such as this one, the plaintiff must show proof of both that the employer breached its contract and that the union breached its duty of fair representation. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71 (1976); *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 994 (8th Cir. 2006). Thus, plaintiff cannot prevail on one claim without prevailing on the other. *See id.*; *Smith v. McDonnell Douglas Corp.*, 107 F.3d 605, 607 (8th Cir. 1997); *Smith v. United Parcel Service*, 96 F.3d 1066, 1069 (8th Cir. 1996). Plaintiff cannot and has not proven either that Noranda breached its contract or that United breached its duty of fair representation. As a result, plaintiff's claims fail.

## IV. Conclusion

Summary judgment will be granted to the defendants on all of plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Partial Summary Judgment against Noranda Aluminum (#29) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant United Steel Workers' Motion for Summary Judgment (#45), and defendant Noranda Aluminum's Motion for Summary Judgment (#48) are **GRANTED**.

Dated this  15th   day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE